294

## UNITED STATES v. The JEANNY.

## UNITED STATES v. The SEVEN SEAS.

### Nos. 26366–26360.

United States District Court,
N. D. California, S. D.
March 30, 1953.

McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., for claimant.

Keith R. Ferguson, Special Asst. to the Atty. Gen., for libelant.

MURPHY, District Judge.

The U. S. Marshal on March *20* and *21,* 1953, arrested the tankers "Seven Seas" and "Jeanny" for alleged violations of 46 U.S.C.A. §§ 19, 20, 21, 33, 41, 42, 60 and for violation of the provisions of §§ 2 and 9 of the Shipping Act of 1916, as amended, 46 U.S.C.A. §§ 802, 808, as to citizenship, committed by North American Shipping and Trading Co., Inc., claimant in this cause. The vessels were purchased from the U. S. Maritime Commission, the Commission receiving the purchase price partly in cash and partly in preferred mortgages on both vessels.

Libelant United States claims forfeiture of the vessels and seeks · a decree that claimant should be ousted of title and possession. Claimant, reserving the jurisdictional question of power of this court over the vessels and the issue of title, seeks relief for the disposition of the ships *pendente lite.* He proposes a stipulation and bond that he will produce the ships to answer final decree; he will maintain all current maritime policies and obtain riders naming the court beneficiary in event of loss or damage in the interim; together with stipulation, on surety, the vessels will be delivered to the Marshal as and if required by decree; and in the event of non-compliance with decree the penal sum of the bond will, in his opinion, be in sufficient amount for each ship. This means the vessels will be under the dominion of the court without impairment of claimant's rights in them until libelant proves his case.

Libelant opposes the release of the vessels from the custody of the United States Marshal or, in the alternative, asserts that claimant's stipulation and bond are inadequate and that the vessels should be released, if at all, upon a stipulation for value and not a stipulation for performance. As surety companies will issue a stipulation for value only upon deposit of collateral in cash or equivalent, equal to the full penal sum, claimant has declared himself unable to execute such a stipulation. The issue, therefore, is the narrow one of whether the libelled vessels may be released, *pendente lite,* on a stipulation for performance such as that described.

Counsel for libelant and for claimant agree that at present no statute expressly authorizes the release on bond in cases of seizure for violation of United States law, a former discretionary statute having been repealed. Old 28 U.S.C. Sec. 751.[1] In the

1. Omitted from 1948 Revised Judicial Code and repealed as covered by 19 U.S.C. A. § 1605 et seq.

absence of such a statute, claimant argues that Supreme Court Admiralty Rule 12, 28 U.S.C., applies and is mandatory. That rule, however, addresses itself to the ordinary arrest where money damages will adequately compensate for the injury and not where operation of the vessel by claimant under bond would facilitate the violation of legislatively-declared national policy.

Claimant further appeals to the Court's discretion and asserts that the substantial financial hardships which he would suffer if release were denied make this a proper subject for the exercise of the Court's equitable power. He also draws to the Court's attention two recent favorable holdings involving other vessels of claimant rendered by the United States District Courts for the District of New Jersey and the District of Delaware. Both decisions have been appealed to the Court of Appeals for the Third Circuit and their enforcement stayed pending appeal.

Libelant, on the other hand, insists that release of the vessels on stipulation affords the Government no assurance that the vessels will be produced when required. Thus the claimant could compound for the vessels, thereby defeating the purpose of the forfeiture proceedings and in effect consummating the very purchase the United States proposes to disaffirm on the ground of fraud. This would make the United States an unwilling vendor and force a buyer upon it despite its refusal to sell to aliens. In a forfeiture proceeding, the Government's interest is not in the worth of the thing, or the amount it will bring at a sale in the market; in issue, rather, is the United States' right to limit the class of eligible purchasers pursuant to its maritime and defense policies. Tankers, libelant further contends, are not indifferent, convertible items of readily replaceable property but vessels of special concern to the United States at this juncture in world affairs. Bond in a penal sum approximately equal to the value of the vessel does not overcome all temptation to withhold the vessel from the jurisdiction of the Court. This especially where the Government assumes the risk of price fluctuation, wear and tear, and the stipulation contains no pro-

vision for the payment of interest and accounting of profits. Nor are the mortgages sufficient to secure the government as foreign courts do not uniformly accord preferred status to Maritime Administration mortgages, with the result that the vessels, if released, might be attached and sold abroad for contracts and liens having precedence.

I was first inclined to release these vessels under bond, believing that their economic utility should not be lost. Research has demonstrated that I cannot do this. Accordingly, libelant's position having been found more persuasive, it is ordered that release of the vessels upon posting of performance bond be and is hereby denied.